FILED
FEB 15 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AHMET ACIK, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>I.C. SYSTEM, INC.<br><br>Defendant. | CLASS ACTION COMPLAINT<br><br>**07CV881**<br>**JUDGE GOTTSCHALL**<br>**MAG. JUDGE KEYS**<br><br>JURY TRIAL DEMANDED |

## CLASS ACTION COMPLAINT

### I. INTRODUCTION

1. This action is brought by Plaintiff Ahmet Acik, on behalf of himself and all others similarly situated, for actual and statutory damages against I.C. System, Inc. for violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq.* (hereinafter referred to as "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue is proper in this district as all relevant events took place here.

### III. PARTIES

3. Plaintiff Ahmet Acik is an individual who resides in Plainfield, Illinois, and is a

Page 1

"consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

4. Defendant I.C. System, Inc. (hereinafter referred to as "Defendant") is a corporation and collection agency located at 444 Highway 96 East, Saint Paul, Minnesota 55164.

5. Defendant is engaged in the collection of debts from Illinois consumers using the mail and telephone.

6. Defendant regularly attempts to collect consumer debts alleged to be due to another.

7. Defendant was and is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

8. On January 20, 2006, Plaintiff Ahmet Acik was injured while working within the scope of his employment at Bollingbrook Glass and Mirror.

9. Due to ths injury, Mr. Acik was provided medical treatment and/or services by Chicagoland Plastic Surgery, Ltd. and/or Dr. Rigoberto Mendoza from January through April 2006. Due to the medical treatment and/or services provided Mr. Acik, he incurred a debt to Chicagoland Plastic Surgery, Ltd. and/or Dr. Rigoberto Mendoza in the amount of $200.00. The charges of which this debt was comprised were due prior to the date Defendant obtained the debt.

10. Dr. Rigoberto Mendoza's billing agency is Pro Medical Billing.

11. Defendant obtained Mr. Acik's alleged debt from Pro Medical Billing.

12. By correspondence dated June 27, 2006, Defendant arranged for the preparation and transmittal of a letter to Mr. Acik at his residence in an attempt to collect the debt to Chicagoland Plastic Surgery, Ltd. Defendant's June 27, 2006, letter to Mr. Acik is attached

hereto as Exhibit A (Exhibit A was originally a one-page legal-sized page. However, it has been split into two letter-sized pages).

13. Exhibit A contains:

>    RE: Pro Medical Billing
>    30 N Michiagn Ave Ste 1111
>    Chicago IL 60602-3743
>    Principal: $200.00
>    Additional Client Charges: $78.50
>    Amount Placed For Collection: $278.50
>    BALANCE DUE: $278.50

14. Exhibit A states:

> Dear Ahmet Acik:
>
> Your delinquent account has been turned over to this collection agency. The amount reflected above is the amount you owe as of the date of this letter. This amount may change due to interest or charges added to the account after the date of this letter.

15. The $78.50 "Additional Client Charges" contained in Exhibit A is the aggregate of $18.50 interest and a $60.00 collection fee.

16. Exhibit A does not itemize the "Additional Client Charges".

17. Exhibit A does not specify the amount of the collection fee, nor disclose that Defendant is attempting to collect a collection fee.

18. Exhibit A does not specify the amount of interest Defendant is attempting to collect as of the date of the letter.

19. Exhibit A does not advise Mr. Acik that if he pays the amount shown, an adjustment may be necessary after Defendant receives his check.

20. Exhibit A does not advise Mr. Acik that if an adjustment is necessary, Defendant

will inform him before depositing the check for collection.

21. <u>Exhibit A</u> does not advise Mr. Acik that he should write the undersigned or call a specific telephone number for further information.

22. <u>Exhibit A</u> was the initial communication from Defendant to Mr. Acik regarding the debt to Chicagoland Plastic Surgery, Ltd. and/or Dr. Rigoberto Mendoza.

23. Defendant sent no correspondence to Mr. Acik within five days of sending <u>Exhibit A</u>.

24. Mr. Acik's debt to Chicagoland Plastic Surgery, Ltd. and/or Dr. Rigoberto Mendoza referred to in <u>Exhibit A</u> was incurred for personal, family, or household purposes, *i.e.*, for medical treatment and/or services.

### V. **DEFENDANT'S POLICIES AND PRACTICES**

25. It is the standard policy and practice of Defendant to use false, deceptive, or misleading representations or means in connection with the collection of any debt.

26. It is the standard policy and practice of Defendant to falsely represent the character, amount, or legal status of any debt;

27. It is the standard policy and practice of Defendant to use unfair or unconscionable means to collect or attempt to collect any debt.

28. It is the standard policy and practice of Defendant to collect any amount (including any interest, fee, charge, or expense incidental to the principal obligation) not expressly authorized by the agreement creating the debt nor permitted by law.

29. It is the standard policy and practice of Defendant to state falsely the amount of the debt in the initial communication.

Page 4

## VI. CLASS ALLEGATIONS

30. This action is brought as a class action. Plaintiff define the class as (i) all persons with addresses within the state of Illinois (ii) who were sent a letter from Defendant in the form of Exhibit A (iii) to recover a medical care debt to Chicagoland Plastic Surgery, Ltd. and/or Pro Medical Billing (iv) which were not returned undelivered by the United States Postal Service (v) during the period of time one-year prior to the filing of this Complaint through the date of class certification.

31. The class is so numerous that joinder of all members is impractical.

32. There are questions of law and fact common to the class, which predominate over any questions affecting only individual class members. The principal issue is whether Defendant violated the FDCPA by:

- A) using any false, deceptive, or misleading representation or means in connection with the collection of any debt in violation of 15 U.S.C. §§ 1692e and e(10);

- B) falsely representing the character, amount, or legal status of any debt in violation of 15 U.S.C. § 1692e(2)(A);

- C) using any unfair or unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692f;

- D) attempting to collect any amount (including any interest, fee, charge, or expense incidental to the principal obligation) not expressly authorized by the agreement creating the debt nor permitted by law in violation of 15 U.S.C. § 1692f(1); and

- E) falsely stating the amount of the debt in the initial communication in violation of 15 U.S.C. § 1692g(a)(1).

33. There are no individual questions, other than whether a class member was sent a letter in the form of Exhibit A, which can be determined by ministerial inspection of Defendant's

records.

34. Plaintiff will fairly and adequately protect the interests of the class.

35. Plaintiff has retained counsel experienced in handling class claims and claims involving unlawful collection practices.

36. The questions of law and fact common to the class predominate over any issues involving only individual class members. The principal issue is whether Defendant's letter in the form of <u>Exhibit A</u> violate the FDCPA, 15 U.S.C. § 1692 *et seq*.

37. Plaintiff's claims are typical of the claims of the class, which all arise from the same operative facts and are based on the same legal theories.

38. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with Federal law. The interest of class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual FDCPA action are $1,000.00. Management of these class claims are likely to present significantly fewer difficulties than those presented in many class actions, e.g., for securities fraud.

## VII. <u>COUNT ONE – FAIR DEBT COLLECTION PRACTICES ACT</u>

39. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

40. Defendant's violations of the FDCPA include, but are not limited to:

    A) using any false, deceptive, or misleading representation or means in connection with the collection of any debt in violation of 15 U.S.C. §§ 1692e and e(10);

    B)    falsely representing the character, amount, or legal status of any debt in violation of 15 U.S.C. § 1692e(2)(A);

    C)    using any unfair or unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692f;

    D)    attempting to collect any amount (including any interest, fee, charge, or expense incidental to the principal obligation) not expressly authorized by the agreement creating the debt nor permitted by law in violation of 15 U.S.C. § 1692f(1); and

    E)    falsely stating the amount of the debt in the initial communication in violation of 15 U.S.C. § 1692g(a)(1).

41. As a result of Defendant's violations of the FDCPA, Plaintiff and the class are entitled to a declaratory judgment and an award of actual damages, statutory damages, costs and reasonable attorney fees.

## VIII. REQUEST FOR RELIEF

WHEREFORE, Plaintiff Ahmet Acik requests that judgment be entered in his favor and in favor of the class against Defendant I.C. System, Inc. for:

- A. Certification of this matter as a class action;
- B. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- C. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);
- D. Declaratory judgment that Exhibit A violates the FDCPA;
- E. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and
- F. For such other relief as the Court may find to be just and proper.

## IX. JURY DEMAND

Plaintiff Ahmet Acik hereby demands that this case be tried before a Jury.

Craig M. Shapiro
O. Randolph Bragg
HORWITZ, HORWITZ & ASSOCIATES, LTD..
25 East Washington Street Suite 900
Chicago, Illinois 60602
(312) 372-8822
(312) 372-1673 (FAX)

ATTORNEYS FOR PLAINTIFF AHMET ACIK

# EXHIBIT A

Case: 1:07-cv-00881 Document #: 1 Filed: 02/15/07 Page 9 of 11 PageID #:9

Jun 30 06 02:15p        AHMET ACIK                        815-8860743                      p.2

I.C. SYSTEM, INC.                    444 Highway 96 East Box 64378
444 Highway 96 East, P.O. Box 64437  St Paul, MN 55164-0378
St Paul, MN 55164-0437               Phone: 888/735-8029
                                     Mon-Thu 7:00 A.M.-9:00 P.M. CT
Address Service Requested            Friday 7:00 A.M.-7:00 P.M. CT
                                     Sat 7:00 A.M.-1:00 P.M. CT           I.C. SYSTEM

June 27, 2006                        I.C. System Reference Number: X1313642-71

                                     RE:   Pro Medical Billing
                                           30 N Michigan Ave Ste 1111
#BWFDJBG                                   Chicago IL 60602-3743
#X1313642510066Q0#                         Principal:                    $200.00
AHMET ACIK                                 Additional Client Charges:    $78.50
14021 S OAKDALE CIR                        Amount Placed For Collection: $278.50
PLAINFIELD   IL  60544-7063                BALANCE DUE:                  $278.50
                                           Account No.:   X1313642-IIC-S1510-999
                                           File Number:                  ACIAH000


Dear Ahmet Acik:

Your delinquent account has been turned over to this collection agency. The amount reflected above is the amount you owe us as of the date of this letter. This amount may change due to interest or charges added to the account after the date of this letter.

You are hereby notified that I.C. System will forward the account information to the national credit reporting agencies if you fail to fulfill the terms of your credit obligations. Of course, you will have the right then, as you do now, to inspect your credit file in accordance with federal law. I.C. System will not submit the account information to the national credit reporting agencies until the expiration of the time period described in the notice below.

Tear off the bottom portion of this letter and return it with your payment.

We are a debt collector attempting to collect a debt and any information obtained will be used for that purpose.

Interest at the rate of 9.00% annually is being added to this delinquent account.

Sincerely,

B. Brown

B Brown
Manager

Jun 30 06 02:15p    AHMET ACIK                815-8860743              p.3

You may pay online at www.yourpayment.com Once there, you will need to enter your Reference Number, which is located in the upper right hand corner of this letter below the hours of operation. There are no additional charges for making your payment online.

### NOTICE

Unless you notify us within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, we will assume this debt is valid. If you notify us in writing within 30 days after receiving this notice that the debt or any portion thereof is disputed, we will obtain verification of the debt (or obtain a copy of a judgment, if there is one) and mail you a copy of such judgment or verification. If you make a written request within 30 days after receiving this notice, we will provide you with the name and address of the original creditor, if different from the current creditor.

Si ud tiene alguna pregunta acerca de esta cuenta llame 800/279-9420 y referir al numero de su cuenta

:250                                                                    XEDAJI000-S10-02/8023

TEAR OFF THIS PORTION AND RETURN WITH PAYMENT
MAKE CHECK PAYABLE TO I C SYSTEM, INC

Ahmet Acik                                RE:   Pro Medical Billing
14021 S Oakdale Cir                             30 N Michigan Ave Ste 1111
Plainfield IL 60544-7063                        Chicago IL 60602-3743
                                                Principal:                $200.00
                                                Additional Client Charges:  $78.50
                                                Amount Placed For Collection: $278.50
I C SYSTEM, INC.                                BALANCE DUE:              $278.50
P O BOX 64378                                   Account No :      X1313642-IIC-S1510-999
St. Paul, MN 55164-0378                         File Number:              ACIAI1000

    1      000027850      42413136427