UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AHMET ACIK, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 07 C 0881 |
| v. | ) ) | Judge Joan B. Gottschall |
| I.C. SYSTEM, INC, | ) ) | Magistrate Judge Arlander Keys |
| Defendant. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Ahmet Acik ("Acik") has filed a class action on behalf of himself and others similarly situated (the "putative class") against defendant I.C. System, Inc. ("I.C."), alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA"). Presently before the court is Acik's motion for an order certifying this case as a class action. For the reasons set forth below, Acik's motion for class certification is granted.

### I. BACKGROUND

In January, 2006, Acik was injured in a work-related vehicle accident and subsequently received medical treatment for his injuries from Chicagoland Plastic Surgery, Ltd. and/or Dr. Rigoberto Mendoza ("Mendoza"). As a consequence of his treatment, Acik incurred an alleged debt of $200. Pro Medical Billing, which provided the billing services for Acik's treatment, turned the debt over to I.C., which in turn contacted Acik via a letter on June 27, 2006, attempting to collect the amount in question. In addition to the $200 allegedly due for medical services, an additional charge of $78.50,

1

designated as "Additional Client Charges," was added to the bill; this latter amount allegedly consists of a $60.00 collection fee and $18.50 in interest. Acik claims that the Additional Client Charge, which is not itemized in the collection letter, together with the failure of the letter to specify that I.C. is attempting to collect a collection fee, specify the amount of interest due on a specific date, or provide other details, including contact information, constitute violations of the FDCPA. Specifically, Acik alleges that the letter demonstrates that it is the standard policy and practice of I.C. to: (1) use false, deceptive, or misleading representations or means in connection with the collection of any debt; (2) falsely represent the character, amount, or legal status of any debt; (3) use unfair or unconscionable means to collect or attempt to collect any debt; (4) collect any amount (including any interest, fee, charge, or expense incidental to the principal obligation) not expressly authorized by the agreement creating the debt or permitted by law; and (5) state falsely the amount of debt in the initial communication. Acik alleges that all of these standard policies and practices are in violation of the FDCPA and has filed a class action in this court. The court now turns to Acik's motion to certify the putative class.

## II. ANALYSIS

District courts enjoy broad discretion when determining whether the granting of class certification pursuant to Federal Rule of Civil Procedure 23 is appropriate. *Keele v. Wexler*, 149 F.3d 589, 592 (7th Cir. 1998); *Murray v. New Cingular Wireless Servs., Inc.*, 232 F.R.D. 295, 298 (N.D. Ill. 2005). However, a class may be certified pursuant to Rule 23 only if the trial court is satisfied, after a "rigorous analysis," that the prerequisites of Rule 23(a) have been satisfied. *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 161 (1982). But whereas it is not true, as Acik contends, that a court faced with a

class certification motion "should accept as true all of Plaintiffs' allegations and supporting evidence," *Szabo v. Bridgeport Machs., Inc.*, 249 F.3d 672, 675, 677 (7th Cir. 2001), neither should a court examining this question make an extensive determination of the merits of the case. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177-78 (1974). Rather, courts must walk a fine line, and one not always "easily discernible," between those two extremes — an approach that allows for a "preliminary inquiry" into the merits, but only to the extent needed to deal with Rule 23 considerations. *Ret'd Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 599 (7th Cir. 1993).

A plaintiff seeking class certification pursuant to Rule 23 has the burden of proving that: (1) the class is so numerous that joinder of all members is impracticable (Rule 23(a)(1)); (2) there are questions of law or fact common to the class (Rule 23(a)(2)); (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class (Rule 23(a)(3)); and (4) the representative parties will fairly and adequately protect the interests of the class (Rule 23(a)(4)). Fed. R. Civ. P. 23(a); *Matthews v. United Retail, Inc.*, 248 F.R.D. 210, 213 (N.D. Ill. 2008). Moreover, if all four elements of Rule 23(a) are met, the potential class also must satisfy one of the three provisions of Rule 23(b). *Rosario v. Livaditis*, 963 F.2d 1013, 1017 (7th Cir. 1992). Acik contends that the latter requirement is satisfied with respect to Rule 23(b)(3), which requires a finding that "the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

Acik argues that the numerosity requirement of Rule 23(a)(1) is satisfied by I.C.'s admission that the debt collection letter forming the basis of his claim was sent to at least 100 individuals. Although there is no "magic number" for numerosity, "permissive joinder is usually deemed impracticable where the class members number 40 or more." *Muro v. Target Corp.*, No. 04 C 6267, 2005 WL 1705828, at *13 (N.D. Ill. July 15, 2005); (quoting *Chandler v. Southwest Jeep-Eagle, Inc.*, 162 F.R.D. 302, 307 (N.D. Ill. 1995) (citations omitted)). I.C. does not dispute that the numerosity requirement is fulfilled and the court therefore finds that that requirement is met.

Acik next claims that the commonality requirement of Rule 23(a)(2) (that there are questions of law or fact common to the class) is satisfied. Commonality generally exists when the defendant has engaged in "standardized conduct" towards the members of the proposed class. *Smith v. Nike Retail Servs., Inc.*, 234 F.R.D. 648, 659 (N.D. Ill. Mar. 22, 2006). "A common nucleus of operative fact is usually enough to satisfy the commonality requirement of Rule 23(a)(2). *Rosario*, 963 F.2d at 1017. However, if resolving the common legal issue depends on factual determinations that would require individualized inquiry for each class member, commonality is not met. *Parkis v. Arrow Financial Services, LLS*, No. 07 C 410, 2008 WL 94798, at *4 (N.D. Ill. Jan. 08, 2008). Acik argues that the common nucleus of operative fact in this case is that all members of the putative class received the letter at issue and the common question of law for all putative class members is whether that letter, as received, is in violation of the FDCPA.

However, I.C. argues that Acik's primary claim for actual damages relates to his alleged emotional distress stemming from his continuing to be pursued for collection of his debt, despite having informed I.C. that his debt was covered by workers'

compensation insurance. I.C. bases this argument on statements made by Acik during his deposition that he suffered emotional distress with respect to this issue both prior to (as a result of phone calls from another entity) and subsequent to the receipt from I.C. of the collection letter in question. Dep. of Acik at pp. 31-35 and 50-55. I.C. argues that Acik's emotional reaction to the letter, for which it claims that Acik is claiming actual damages, is individualized and predominates over any alleged common questions of law or fact. Moreover, contends I.C., such individualized emotional damages cannot likely be typical of, or common to, the other members of the putative class.

Acik retorts that he does not seek damages for his emotional distress. Indeed, after briefly conferring with his lawyer at his deposition, Acik explicitly denied that he sought actual damages for the alleged psychological harm suffered as a result of receiving the collection letter, but rather seeks actual damages for the members of the putative class. *Id.* at 59-60.

The court has reviewed the deposition transcript carefully, and it does appear that Acik contradicts himself several times with respect to the nature of the damages that he is seeking in this case. *Compare id.* at 32, *with id.* at 59. However, it is also evident from the record that Acik, an immigrant from Turkey, has no legal training and, furthermore, possesses a somewhat imperfect command of the English language. Consequently, the court does not expect Acik to have a sophisticated legal understanding of the nature of damages in a class action. Acik's attorneys, however, are highly experienced in class actions and can correctly appreciate the appropriate scope and nature of the damages, as the deposition transcript reveals. *Id.* at 59. More importantly, Acik's complaint alleges his class claim succinctly; *viz.*, the sending of collection letters attempting to collect a

collection fee without specifying the amount of interest due as of a specific date or providing other details, including contact information, in a manner that allegedly violates the FDCPA. Acik was a recipient of such a letter from I.C., as were an admittedly large number (100 +) of other individuals. The claims of the putative class members (including Acik) will center upon whether those letters violate the FDCPA, as determined by the standard of an unsophisticated consumer. That is enough to support both typicality and commonality. *Day v. Check Brokerage Corp.*, 240 F.R.D. 414, 419 (N.D. Ill. 2007).

Acik next argues that he, as named plaintiff, can provide fair and adequate protection of the interests of the putative class in satisfaction of the requirements of Rule 23(a)(3). In determining adequacy of representation, the court looks to two separate elements: (1) the adequacy of the named plaintiff's counsel; and (2) the adequacy of representation provided in protecting the different, separate, and distinct interests of the class members. *Ret'd Chicago Police Ass'n*, 7 F.3d at 598. Thus, if there are "antagonistic or conflicting claims" among class members, the representation is not adequate. *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992).

As mentioned above, Acik's counsel, Craig M. Shapiro and O. Randolph Bragg, are highly experienced attorneys, with a significant history of class action litigation experience between them. The court finds, and I.C. does not dispute, that they will provide adequate representation to the putative class as legal counsel.

With respect to the second element, Acik argues that his interests are precisely aligned with those of the putative class. Both Mr. Acik and the members of the putative class seek actual and statutory damages as well as equitable relief as a result of I.C.'s

alleged illegal practices. Given the alignment of interests between Acik and the putative class members, the court finds that there is no apparent conflict between them.

For reasons similar to those put forth for typicality above, I.C. maintains that Acik is not an adequate class representative as required by Rule 23(a)(4). I.C. advances two principal reasons in support of its argument that Acik is not an adequate class representative: (1) Acik's interests are not aligned with the members of the class because his alleged focus is primarily his ability to recover individual damages for emotional distress; and (2) should this matter proceed to trial, Acik's testimony would be harmful to the putative class because Acik was neither confused nor misled by the letter at issue in this case.

The court has already dealt with the first argument: Acik and his counsel assert that he does not seek individual damages for emotional distress, nor are such damages prayed for in the complaint. With respect to the second argument, I.C. contends that Acik was not confused by the collection letter at issue and that he knew that he did not in fact owe the debt referred to in the letter. However, it is irrelevant whether Acik was personally confused or misled by I.C.'s letter, or whether he knew he did not owe the debt in question; alleged FDCPA violations are subject to an objective unsophisticated-consumer standard. *Gammon v. GC Services Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994); *Ramirez v. Palisades Collection LLC*, No. 07 C 3840, 2007 WL 4335293, at *6 (N.D. Ill. Dec. 5, 2007). Thus, the court will look to whether an unsophisticated consumer, i.e., one who is uninformed, naive, or trusting, would have been confused about the portions of the collection letter that allegedly violate the FDCPA. *Gammon*, 27

F.3d at 1257. The court therefore finds that Acik has met his burden with respect to this requirement.

Finally, Acik argues that he has met his burden of showing that, in light of how liability is established by the FDCPA, there are common questions of law or fact predominating over questions affecting individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy, as required by Rule 23(b)(3). *Hyderi v. Washington Mut. Bank, FA*, 235 F.R.D. 390, 403 (N.D. Ill. 2006).

"Determining whether [issues] common to the class predominate over individual issues requires that the court inquire how the case will be tried. This entails identifying the substantive issues that will control the outcome, assessing which issues will predominate, and then determining whether the issues are common to the class." *Id.* at 398 (quoting *O'Sullivan v. Countrywide Home Loans*, 319 F.3d 732, 738 (5th Cir. 2003)). Thus, predominance is concerned with whether the named plaintiffs can, through their individualized cases, offer proof on a class wide basis. *See Hewitt v. Joyce Beverages of Wisc., Inc.*, 721 F.2d 625, 628-629 (7th Cir. 1983). Acik argues that the common question of fact predominating in this suit is that all members of the putative class received the letter at issue and thus the legal issues, *viz.*, whether the letter violates the FDCPA, are the same for each member of the putative class, including himself. *See Jackson v. Nat'l Action Fin. Servs., Inc.*, 227 F.R.D. 284, 290 (N.D. Ill. 2005). For these reasons, Acik argues that a class action is the most efficient way of trying the legality of a collection letter. *See Dawson v. Allied Interstate, Inc.*, No. 04 C 6618, 2005 WL 1692606, at *4 (N.D. Ill. July 13, 2005).

Opposing Acik's argument, I.C. again beats its drum of Acik's alleged individual claims of actual damages for emotional distress. According to I.C., Acik's individualized emotional distress claims will require a fact-intensive inquiry that is inappropriate in a class action. However, the court has already found that Acik's claims, and those of the other putative class members, center on whether the letter in question violates the strict liability requirements of the FDCPA. *See, e.g., Randolph v. IMBS, Inc.*, 368 F.3d 726, 730 (7th Cir. 2004); *Turner v. J.V.D.B. & Assocs., Inc.*, 330 F.3d 991, 995 (7th Cir. 2003). Those are the common questions of fact and law that predominate in this case, and I.C.'s argument consequently fails. The court therefore finds that Acik has demonstrated that common questions of law and fact predominate in this case over individual issues.

Finally, Acik argues that the second requirement of Rule 23(b)(3), that a class action is superior to other available methods for fairly and efficiently adjudicating this case, is met. According to Acik, there is no better method available for the adjudication of the claims which might be brought by each individual debtor subjected to I.C.'s collection practices. I.C. counters with the argument that, if Acik prevails, there will need to be lengthy, individualized proceedings to determine the nature and extent of each individual's damages. Moreover, argues I.C., Acik will need to introduce consumer survey evidence to demonstrate that a significant number of consumers were confused, deceived, tricked, or misled by the collection letter. I.C. contends that Acik has attempted to turn a collection letter case into a multi-theory, multi-survey action, all on a class basis.

Acik responds by rejecting I.C.'s contention that the case will require customer surveys: he maintains that the violations of the FDCPA are clear on the face of the collection letter. Moreover, Acik further claims that a class action is a superior vehicle for this suit because the putative class members may be unaware that their rights have been violated, and it is otherwise unlikely that this conduct would go unchallenged if a class was not certified because the value of the individual claims in this case are not likely to be sufficiently large to justify individual suits. *See Warcholek v. Med. Collections Sys., Inc.*, 241 F.R.D. 291, 296 (N.D. Ill. 2006).

The court finds I.C.'s argument unconvincing. Courts routinely grant class certification in debt collection letter cases. *See, e.g., Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410 (7th Cir. 2005); *Lau v. Arrow Fin. Servs., LLC*, 245 F.R.D. 620 (N.D. Ill. 2007). The court finds that Acik's arguments are sufficient to meet his burden of demonstrating that a class action is superior to other available methods for fairly and efficiently adjudicating this case. According to the Seventh Circuit:

> The policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights. A class action solves this problem by aggregating the relatively paltry potential recoveries into something worth someone's (usually an attorney's) labor. True, the FDCPA allows for individual recoveries of up to $1000. But this assumes that the plaintiff will be aware of her rights, willing to subject herself to all the burdens of suing and able to find an attorney willing to take her case. These are considerations that cannot be dismissed lightly in assessing whether a class action or a series of individual lawsuits would be more appropriate for pursuing the FDCPA's objectives.

*Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 344 (7th Cir. 1997). In the instant case, Acik alleges that I.C.'s letter, sent to numerous putative class members, facially violates the FDCPA on multiple counts and that the individuals who received such letters may be

unaware of their rights, or not motivated by the potentially small damages to file individual suits. The court finds that Acik has successfully met the burden of demonstrating that a class action is a superior vehicle for adjudicating the claims of the putative class members.

### III. CONCLUSION

For the reasons set forth above, Acik's motion for class certification is granted.

ENTER:

_____/s/_____
JOAN B. GOTTSCHALL
United States District Judge

DATED: June 11, 2008