**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| AHMET ACIK, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No.  07-CV-0881 |
| v. | ) ) ) | Judge Gottschall Magistrate Judge Keys |
| I.C. SYSTEM, INC. | ) | |
| Defendant. | ) ) ) | |

**JOINT MOTION FOR ENTRY OF STIPULATED JUDGMENT**

Defendant, I.C. System, Inc. ("I.C. System"), and Plaintiff Ahmet Acik, on behalf of himself and all others similarly situated, through their undersigned counsel, jointly move the Court for entry of a stipulated judgment.  In support of this motion, the parties state the following:

1.      On June 18, 2008, the court entered an order certifying this case as a class action. The order appointed plaintiff as class representative and his attorney as class counsel.

2.      On August 27, 2008, plaintiff sought the Court's approval of the form and content of Notice of Pendency of Class Action to send to class members.

3.      The Court approved the notice on September 8, 2008, and class counsel sent it to class members via first class mail thereafter.

4.      The notice informed class members of the following: the existence of the class action suit on their behalf, the definition of the class, the nature of the suit, the damages limits on the claims, and the defendant's denial of any liability. Significantly, the notice informed class members of their right to opt-out of this class action, and afforded them forty-five (45) days in

which to do so. Finally, the notice informed class members who class counsel were and how to reach them with any questions.

5.  Zero (0) class members elected to opt-out by sending such notice to class counsel. Also, subsequent to the sending of the notice, class counsel received several phone calls in response to the notice. All of these simply sought clarification or further information about the notice and the pending class action. In addition to answering any specific questions that the caller had, and providing a general explanation of class members' rights for both remaining in and opting out of a class, the class members who called in were informed that if they did not opt-out they would be informed of their right to receive their portion of a favorable settlement or judgment if and when this was procured on their behalf.

6.  On October 6, 2008, both parties filed motions for summary judgment.

7.  On August 7, 2009, the Court granted summary judgment in favor of plaintiff and the class on the issue of liability. The only issues that remained were a trial on the amount of damages, and the possibility of an appeal.

8.  Thereafter, being fully informed of the facts pertaining to damages and the amounts potentially recoverable in this action, class representatives, class counsel, and defendant stipulated to damages as follows: (1) in favor of the plaintiff/class representative in the total amount of $3,000; (2) in favor of the class in the amount of $7,875.00 in actual damages and $46,611.76 in statutory damages; and (3) $75,000 inclusive of all costs, attorneys' fees and other expenses incurred through December 8, 2009. See Declaration of Craig M. Shapiro Regarding Attorney Fees, filed separately. A copy of this proposed judgment is attached as Exhibit 1 hereto.

9.  The stipulated judgment is not, however, a compromise of the class' claims. The Court has already granted summary judgment in favor of the plaintiff and the class with respect to liability, subject to the defendant's right to appeal. Further, this stipulated judgment is not a

settlement on behalf of the class. There is no binding settlement agreement between the parties, on behalf of themselves and the class, that will govern the administration of these funds to the class members, as would be the case if this lawsuit were indeed settling on a class-wide basis.

10.     Rather, defendant has made it clear that it intends to pursue an appeal of the Court's decision and order on summary judgment. As such, and based on their considered judgment of the relevant facts and law involved in a trial on damages, as well as the further expense associated with such a trial, class counsel have concluded that this stipulated judgment as to the amount of damages is in the best interests of the class.

11.     Nevertheless, the parties agree that, pursuant to Fed. R. Civ. P. 23(e)(4), and given the history and present circumstances of this case, it is within the this Court's discretion whether to enter this stipulated judgment on damages without requiring that a second notice be sent to the class members. Rule 23(e)(4) states:

> If the class action was previously certified under Rule 23(b)(3), the court may refuse to approve a settlement unless it affords a new opportunity to request exclusion to individual class members who had an earlier opportunity to request exclusion but did not do so.

Fed. R. Civ. P. 23(e)(4) (emphasis added).

12.     The word "settlement" here is short-hand for "settlement, voluntary dismissal, or compromise." This introductory clause for Rule 23(e) makes it clear that the subsequent procedures, including subpart (4) cited above, apply to all three of these circumstances. This stipulated judgment is not a settlement *per se*, however. If it were a true settlement, defendant would not have and be exercising its appeal rights. Rather, plaintiff and the class would actually be receiving this consideration in exchange for a dismissal and release of their claims against the defendant. This would certainly require notice to the class at that juncture. This stipulated

judgment, however, does appear to be a "settlement" in the Rule 23(e)(4) sense, as it does involve a compromise of sorts.

13.     Thus, the parties agree that they need the Court's approval to have it entered without further notice to the class. Based on this understanding, and Rule 23(e)(4)'s clearly discretionary language concerning such notice, class and defense counsel both expended considerable time searching for case law governing the circumstances that exist in the present case.  Neither counsel could find anything.  However, this is a Rule 23(b)(3) class.  Accordingly, as described above, the class members have already received adequate individual notice under Rule 23(c)(2)(B).  The notice already provided to class members satisfies the requirements of both due process and Rule 23.  Class members were fairly and adequately afforded their opportunity to opt-out, and those that did not should be bound by the final outcome obtained, whether favorable or not.

14.     As the case has not settled, and a favorable, non-appealable outcome has not otherwise been finally procured for the class, a second notice is not required at this time, and would involve further unnecessary delay and expense.  Of course, should the defendant fail to pursue its appeal, or should the granting of summary judgment on the class' behalf be affirmed in part or in its entirety, and this stipulated judgment become final, then notice to the class members of their right to share in this judgment and the process for so doing would be required. If such notice is sent, Defendant agrees to bear all costs of such notice.

15.     The parties have submitted as Exhibit 1 a stipulated judgment reflecting their considered views on the fair and reasonable amount of damages that would obviate the need for the added time and expense of a trial on this matter, and expedite going forward with defendant's

imminent appeal. For the forgoing reasons, the parties respectfully move the Court to enter this

stipulated judgment without further hearing or notice under Rule 23(e).

Dated this ___th day of February 2010.

| | |
|---|---|
| /s/ *Stephen D. Vernon* | /s/*Craig M. Shapiro* |
| Attorneys for Defendant | Craig M. Shapiro |
| HINSHAW & CULBERTSON LLP | HORWITZ, HORWITZ & ASSOCIATES, |
| 222 N. LaSalle Street | LTD. |
| Suite 300 | 25 East Washington Street |
| Chicago, Illinois 60601 | Suite 900 |
| | Chicago, Illinois 60602 |

*Attorney for Defendant I.C. System, Inc.*    *Attorney for Plaintiff Ahmet Acik, on behalf of himself and all others similarly situated*